UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

**DECISION AND ORDER**
12-CR-174S

v.

MOHAMMED ALBANNAA,

                    Defendant.

## I.    INTRODUCTION

Pending before the Court is a motion (Dkt. No. 21) by defendant

Mohammed Albannaa for release on reasonable bail conditions.[1]  Defendant has

been in custody since he waived his right to a detention hearing on May 16, 2012.

In support of his motion, defendant argues that he has consulted an immigration

lawyer and has learned that he might have a chance at receiving bail in his

parallel immigration proceedings.  To help him apply for bail in his immigration

proceedings, defendant proposes release on bail in this case with a reinstatement

of detention if his immigration bail application fails.  The Government opposes the

motion on the basis that the evidence of defendant's alleged conduct in this case

---

[1] Defendant labeled his motion a motion for *reconsideration* of bail, but the
Court never made an initial bail determination.  Defendant waived his right to a
detention hearing while reserving the right to request one later.  (*See* Minute
Entry May 16, 2012.)  The Court thus will not subject defendant to the higher
standard that governs bail reconsideration.

outweighs any speculation about what might happen in the immigration proceedings.  The United States Probation Office ("USPO") recommends continued detention.

The Court held a bail review hearing on June 26, 2012.  For the reasons below, the Court denies defendant's motion.

## II.    BACKGROUND

This case concerns allegations that defendant and others conspired to sell controlled substance analogues, known colloquially as "synthetic marijuana" and various trade names, from the Speedy Market at 1799 Genesee Street in Buffalo, New York.  The Court signed a complaint and arrest warrant concerning defendant on May 14, 2012.  At the detention hearing on May 16, 2012, defendant made a knowing and voluntary waiver of his right to a detention hearing, on the basis that he lacked status in the United States and had an Immigration and Customs Enforcement ("ICE") detainer lodged against him. Defendant waived his right to a detention hearing because he thought that the hearing would be moot, but he reserved his right to request a hearing later if circumstances in his immigration proceedings changed.

The Government subsequently filed a one-count indictment that a grand jury returned against defendant and two co-defendants.  In the indictment, filed on May 29, 2012, the Government accuses defendant of violating 21 U.S.C. § 846 and asserts that defendant "did knowingly, willfully and unlawfully combine,

conspire and agree together and with others, known and unknown, to commit the following offenses, that is, to possess with the intent to distribute, and to distribute, quantities of mixtures and substances containing AM2201 [1-(5-Fluoropentyl)-3-(1-naphthoyl)indole] and JWH-210 [1-Pentyl-3-(4-ethyl-1-napthoyl)indole], Schedule I controlled substance analogues as defined in Title 21, United States Code, Section 802(32), knowing that the mixtures and substances were intended for human consumption as provided in Title 21, United States Code, Section 813, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)." (Dkt. No. 17 at 1–2.) The indictment also contains a forfeiture allegation.

On June 13, 2012, defendant filed the pending motion for release on reasonable bail conditions, claiming that circumstances in his immigration proceedings have changed. Specifically, defendant asserts that he has retained an immigration lawyer and has learned that immigration detention may not be the certainty that he thought previously. Defendants now contends that "if released by this Court, Mr. Albannaa may be released on a bond by the immigration court pending an application to renew his lawful permanent resident status." (Dkt. No. 21 at 2.) Defendant further proposes that "[i]f the immigration Court does not release Mr. Albannaa, the defense understands that he will remain in immigration custody. In that event, the defense would have no objection to reinstating the order of detention against Mr. Albannaa." (*Id.* at 3.)

The Government opposes defendant's release.  The Government notes procedurally that the immigration lawyer whom defendant has consulted has not even filed a notice of appearance in defendant's immigration proceedings.  On substance, the Government argues that, while immigration bail is unlikely given defendant's lack of status and ties to the community, commenting on what might happen in the immigration proceedings is speculation compared to the allegations in this case.  The Government argues further that the Court should give more weight to the apparently undisputed contention that defendant's status in the United States expired over five years ago and that defendant never addressed the problem.  According to the Government, the expiration of defendant's status demonstrates an unwillingness to follow federal law.  The Government concludes that defendant is likely to abscond if released and thus should remain in custody.

The USPO recommends continued detention.  When the USPO prepared the pretrial services report on May 15, 2012, it noted that defendant has no family ties to the Western New York area except an ex-wife and son with whom he has no contact.  Defendant's father and all six of his siblings live in either Dubai or Yemen.  The USPO noted further in the report that defendant provided only six months' worth of employment history—at the Speedy Market—at a nominal salary, even though he claims to have lived in this community for seven years.  Finally, the USPO noted that defendant reported no assets that would tie him to the community and no resources that could serve as collateral for bail.  The

pretrial services report thus concluded with a recommendation of detention.  In an update memo dated June 15, 2012, the USPO stood by its recommendation of detention.  In that memo, the USPO added the argument that defendant might be deported while his criminal charges are still pending if the Court releases him.

## III.   DISCUSSION

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.'  U.S. Const. amend. VIII.  Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'"  *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007).  Statutory factors to be considered when assessing non-appearance or danger include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  *See* 18 U.S.C. § 3142(g).

With respect to non-appearance, "the government carries a dual burden in seeking pre-trial detention.  First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight.  Assuming it satisfies this burden, the government must then demonstrate by a

preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *Sabhnani*, 493 F.3d at 75 (citations omitted). "To order detention, the district court must find, after a hearing, that the government has established the defendant's dangerousness by clear and convincing evidence. The rules of evidence do not apply in a detention hearing. Further, the government may proceed by proffer." *U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted).

Before addressing the substance of defendant's motion, the Court will address three unusual, preliminary questions that arise because of defendant's lack of status and resulting immigration proceedings.

First, can the Court consider defendant's proposal to issue what effectively would be a conditional bail order—that is, an order that would release defendant solely to allow him to seek bail in his immigration proceedings and that the Court would revoke if the Immigration Court denies bail? The answer is no. The Bail Reform Act of 1984 ("BRA") contains no language that authorizes this Court to coordinate detention proceedings with the Executive Branch. Such coordination would include any sort of conditional bail order that hinged on the outcome of Immigration Court proceedings. *Cf. U.S. v. John Dennis Tan Ong*, 762 F. Supp. 2d 1353, 1359 (N.D. Ga. 2010) ("[T]his Court has no authority to enforce an order

requiring the return to U.S. Marshal's custody of a to-be-removed alien-defendant. Therefore, 'conditional release' is not a viable option.").

Second, can the Court detain defendant solely because an immigration detainer exists? The answer to this question also is no. Raising an immigration detainer to the level of a categorical, *per se* basis for detention would require express language in the BRA similar to the language that categorically creates a presumption of detention for some cases. *Cf. U.S. v. Marinez-Patino*, No. 11 CR 064, 2011 WL 902466, at *5 (N.D. Ill. Mar. 14, 2011) ("As other courts have correctly observed, the approach that the government advocates here would, if accepted, create a *per se* rule that all defendants with an ICE detainer be denied pretrial release . . . . The BRA itself creates no *per se* category of persons who must be detained, absent an individualized inquiry into that person's risk of flight or danger to the community. Certain offenses are subject to a 'rebuttable presumption' of detention, *see* 18 U.S.C. § 3142(e)—but illegal reentry is not among them.") (citation omitted).

Finally, can the Court consider defendant's lack of status and immigration proceedings as relevant to any other factor under the BRA? The answer to this question is yes. Even if defendant's immigration proceedings do not categorically require detention, they are relevant to the extent that they show prior non-compliance with federal law and thus are analogous to a prior criminal history.

*Cf. U.S. v. Salas-Urenas*, 430 Fed. App'x 721, 723, 2011 WL 2836248, at *2 (10th Cir. July 19, 2011) (unpublished) ("A defendant's immigration status and the existence of an ICE detainer are relevant to the detention decision as part of the history and characteristics of the defendant.").  This Court rejects any argument that defendant's immigration proceedings would be relevant because deportation would guarantee non-appearance.  That scenario could happen.  The Department of Justice, however, controls ICE and all United States Attorneys' offices.  The scenario of a deportation mooting a pending criminal case thus would happen if and only if the Attorney General fails to set policy priorities and to coordinate his own agencies accordingly.  Even if such a failure happened, this Court would have no interest in setting Department of Justice priorities.  *Cf. U.S. v. Montoya-Vasquez*, No. 4:08CR3174, 2009 WL 103596, at *3–4  (D. Neb. Jan. 13, 2009) ("The Bail Reform Act does not permit this court to speculate on the 'risk' that a defendant would not appear in this court due to his being removed from this country by the same government that is prosecuting him.").

Having resolved the preliminary questions in this case, the Court now applies the factors in 18 U.S.C. § 3142(g) in the ordinary course.  Defendant is facing felony drug charges that could leave him with a lengthy term of imprisonment.  Defendant's immigration proceedings, while not criminal in nature, suggest a prior history of an unwillingness to follow federal law.  Whatever the current course of his immigration proceedings may be, a felony drug conviction

would guarantee that he is removable. *See* 8 U.S.C. § 1227(a)(2)(A)(i)(II) ("Any alien who . . . is convicted of a crime for which a sentence of one year or longer may be imposed, is deportable."); *id.* § 1227(a)(2)(B)(i) ("Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of . . . the United States . . . relating to a controlled substance (as defined in section 802 of Title 21) . . . , is deportable."). Meanwhile, defendant has no meaningful ties to this area. Defendant's mother, who apparently never lived in Western New York anyway, is deceased; his father and siblings all live in either Dubai or Yemen. Defendant is divorced from his wife and has no contact with her or his son even though they live in the immediate area. Defendant's only reported employment history relates to the store where the alleged criminal conduct occurred. Defendant also has no assets; the one person who allegedly might be willing to help post collateral is a co-defendant in the case. Finally, defendant reported at oral argument that he could be released to a residence at 1266 Genesee Street in Buffalo, but he has provided only conclusory information about whether this residence or its three other occupants have any sort of connection to the alleged criminal conduct.

Under these circumstances, and looking only at the criminal case and not any collateral immigration proceedings, defendant has a significant motive to flee. The Court finds that the Government has established, by preponderance of the

evidence, that no combination of conditions of release could secure defendant's appearance at future proceedings.

## IV.  CONCLUSION

For all of the foregoing reasons, the Court denies defendant's motion for bail (Dkt. No. 21).  Defendant shall remain in custody pending trial.

Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

Despite the Court's order of detention, defendant shall be afforded reasonable opportunity for private consultation with counsel.  Additionally, on order of the Court or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding in this case.

In accordance with 18 U.S.C. § 3142(j), nothing in this Decision and Order shall be construed as modifying or limiting the presumption of innocence.


SO ORDERED.

_____/s/ Hugh B. Scott_____
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: July 5, 2012